1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   CORTINA M. ROGERS,

9                             Plaintiff,          Case No. C13-5627-RSL-BAT

10              v.                                **REPORT AND
                                                 RECOMMENDATION**
11  CAROLYN W. COLVIN, Commissioner of
    Social Security,
12
                              Defendant.
13

14        Cortina M. Rogers seeks review of the denial of her Disability Insurance Benefits

15  application.  She contends the ALJ erred by (1) making step-three findings without obtaining an

16  updated medical opinion from a medical expert, and (2) summarily rejecting the Department of

17  Veterans Affairs disability rating.  Dkt. 24.  The Court agrees and recommends that the case be

18  **REVERSED** and **REMANDED** for further administrative proceedings.

19                              **BACKGROUND**

20        Ms. Rogers was 33 years old on her date last insured, has a high school education, and

21  has worked as a laborer, parts clerk, and dispatcher.  Tr. 155, 193, 197.  On November 16, 2009,

22  she applied for benefits, alleging disability as of December 1, 2000.  Tr. 155.  Her application

23  was denied initially and on reconsideration.  Tr. 100, 105.  After conducting a hearing, the ALJ

1  issued a decision on February 16, 2012, finding Ms. Rogers not disabled.  Tr. 21-33.  As the

2  Appeals Council denied Ms. Rogers's request for review, the ALJ's decision is the

3  Commissioner's final decision.  Tr. 1.

4  **THE ALJ'S DECISION**

5  Utilizing the five-step disability evaluation process,[1] the ALJ found that Ms. Rogers had

6  not engaged in substantial gainful activity since the alleged onset date; she had the following

7  severe impairments: posttraumatic stress disorder, depressive disorder, not otherwise specified,

8  and status post left ulna fracture with open reduction internal fixation; and these impairments did

9  not meet or equal a listed impairment.[2]  Tr. 23-24.  The ALJ found that Ms. Rogers had the

10  residual functional capacity to perform light work; she was capable of occasionally fingering

11  with her left hand; she was capable of simple, routine, repetitive tasks and work that involved

12  occasional contact with supervisors and co-workers but no contact with the general public; and

13  she was capable of work that involved few if any changes in the work setting.  Tr. 25.  The ALJ

14  found that Ms. Rogers was unable to perform any past relevant work but she could perform jobs

15  that exist in significant numbers in the national economy.  Tr. 31.  The ALJ therefore concluded

16  that Ms. Rogers was not disabled.  Tr. 32.

17  **DISCUSSION**

18  **A.**      **Need for updated medical opinion**

19  Ms. Rogers argues that the ALJ erred by making a step-three finding that her mental

20  impairments did not meet or equal a listing without obtaining an updated medical opinion from a

21  medical expert, in violation of Social Security Ruling (SSR) 96-6p.[3]  Dkt. 24 at 5.

22

23  [1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] Although SSRs lack the force of regulations, they are binding on all components of the Social

REPORT AND RECOMMENDATION - 2

1    Single decision-maker (SDM) Mark O'Neill reviewed Ms. Rogers's case on January 11,

2    2010 and found the evidence insufficient to show that Ms. Rogers was disabled due to her mental

3    impairments during the relevant period.  Tr. 389.  On January 26, 2010, Thomas Clifford, Ph.D.,

4    signed off on the psychiatric review technique form completed by the SDM, finding insufficient

5    evidence.  Tr. 377.  The Social Security Administration denied Ms. Rogers's claim on January

6    28, 2010, based on the finding of insufficient evidence to prove she was disabled.  Tr. 100.

7    On April 5, 2010, Matthew Comrie, Psy.D., reviewed the evidence and affirmed the

8    determination that there was insufficient evidence of a severe mental impairment before the date

9    last insured.  Tr. 393.  The SSA denied reconsideration of Ms. Rogers's claim on April 8, 2010,

10   again based on the finding that the evidence was insufficient to determine disability.  Tr. 105.

11   Before and after the ALJ hearing, Ms. Rogers submitted over 600 pages of additional

12   medical records.  Tr. 397-1015.  After considering both the original and the updated records, the

13   ALJ found that Ms. Rogers had medically determinable severe mental impairments and

14   proceeded with the five-step disability evaluation process, including an evaluation of whether

15   these impairments met or equaled a listed impairment and their impact on her residual functional

16   capacity.  Tr. 23-24.  The ALJ found that the impairments caused Ms. Rogers mild restriction in

17   her activities of daily living; moderate difficulties in her social functioning; moderate difficulties

18   in her concentration, persistence, or pace; and no episodes of decompensation of extended

19   duration.  Tr. 24-25.

20   Under 20 C.F.R. § 404.1520a(c), the ALJ must follow a special technique for evaluating

21   mental impairments.  If the ALJ determines that the claimant has a medically determinable

22   mental impairment, the ALJ must rate the degree of functional limitation resulting from the

23   _____

Security Administration.  20 C.F.R. § 402.35(b)(1).

1   impairment in four broad areas: (1) activities of daily living; (2) social functioning; (3)

2   concentration, persistence, and pace; and (4) episodes of decompensation.  20 C.F.R.

3   § 404.1520a(c).  If the degree of functional limitation in the first three areas is "none" or "mild"

4   and it is "none" in the fourth area, the impairment is generally not severe.  20 C.F.R.

5   § 404.1520a(d).  Otherwise, the impairment is severe, and the ALJ must consider whether it

6   meets or equals a listed impairment at step three.  To meet the listings at issue here, the claimant

7   must meet at least two of the following criteria (1) marked restriction of activities of daily living;

8   (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining

9   concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of

10  extended duration.  20 C.F.R. Pt. 404, App. 1, § 12.04, 12.06.[4]

11         The ALJ is ultimately responsible for deciding the legal question of whether a claimant's

12  impairments meet or equal a listing.  *See* 20 C.F.R. § 404.1526.  In making this decision, the ALJ

13  must consider all the evidence in the case record.  20 C.F.R. § 404.1526(c).  The ALJ must also

14  consider the opinion given by one or more medical or psychological consultants designated by

15  the Commissioner.  *Id.*  Such consultants include consultants hired by the state agency authorized

16  to make disability determinations.  20 C.F.R. § 404.1526(d).  As explained in SSR 96-6p,

17  "longstanding policy requires that the judgment of a physician (or psychologist) designated by

18  the Commissioner on the issues of equivalence on the evidence before the administrative law

19  judge or the Appeals Council must be received into the record as expert opinion evidence and

20  given appropriate weight."  The ALJ must obtain an updated opinion from a medical expert

21  when additional medical evidence is received that "in the opinion of the administrative law

22  judge . . . may change the State agency medical or psychological consultant's finding that the

23  [4] A claimant may also meet these listings by satisfying the diagnostic criteria and certain
    "paragraph C" criteria, which are not at issue here.

REPORT AND RECOMMENDATION - 4

1    impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments."

2    SSR 96-6p.[5]

3          In considering whether Ms. Rogers's mental impairments met or equaled a listing, the

4    ALJ considered Ms. Rogers's testimony, reports in her medical records, and a function report

5    completed by her husband.  Tr. 24.  But, because the state agency consultants all opined that the

6    evidence was insufficient to establish the existence of a mental impairment, the ALJ considered

7    no state agency medical consultant opinion on the issue of whether Ms. Rogers's mental

8    impairments met or equaled a listing.  This is contrary to the requirement of 20 C.F.R.

9    § 404.1526(c).  The state agency consultants reviewed the record before the voluminous

10   additional evidence was received.  Their opinions were thus not based "on the evidence before

11   the administrative law judge" as SSR 96-6p and, indeed, "longstanding policy" of the Social

12   Security Administration, require.

13         The Court recognizes that the ALJ has broad discretion in determining whether to call a

14   medical expert to testify.  SSR 96–6p requires the ALJ to obtain an updated medical expert

15   opinion if, "in the opinion of the administrative law judge" additional medical evidence may

16   change the state agency consultant's finding on equivalence.  Here, where the state agency

17   consultants had no finding on equivalence due to insufficient evidence, and the additional

18   evidence was sufficient to establish the existence of mental impairments, it is impossible to

19   conclude that the additional medical evidence would not change the consultants' findings.  The

20   ALJ's failure to obtain an updated medical expert opinion was in violation of SSR 96-6p.

21         The Commissioner argues that the ALJ was not required to obtain an updated opinion

22   because "the ALJ did not seek to make a decision of disability based on medical equivalence."

23   _____

[5] The term "medical expert" as used in SSR 96-6p refers to state agency medical and
psychological consultants, as designated in 20 C.F.R. § 404.1512(b)(6) and § 404.1527(e).

1   Dkt. 26 at 3.  But the ALJ did make a finding on equivalence, that Ms. Rogers's impairments did

2   not equal a listing.  The fact that the ALJ's finding on equivalence was negative does not

3   eliminate the need to obtain an updated medical opinion.  The Commissioner also argues that any

4   error was harmless, as Ms. Rogers has failed to identify what prejudice likely resulted from the

5   error.  Dkt. 26 at 4.  The ALJ made step-three and residual functional capacity findings without

6   the benefit of any medical expert opinion.  The Court declines to find that such an omission is

7   harmless, where, due to the very nature of the error, Ms. Rogers cannot identify what the expert

8   opinion would have been.

9        The Court concludes that the ALJ's finding that Ms. Rogers did not have an impairment

10  that met or equaled a listing is not supported by substantial evidence or free of harmful legal

11  error.  The Court therefore recommends that this case be remanded with directions to obtain and

12  consider an updated medical opinion from a medical expert regarding the degree of functional

13  limitation caused by Ms. Rogers's mental impairments and whether these impairments, alone or

14  in combination, met or equaled a listed impairment.

15  **B.    VA rating**

16       Ms. Rogers argues that the ALJ erred by summarily rejecting the VA's determination of

17  unemployability.  Dkt. 24 at 8.  In December 2008, the VA issued a decision increasing the

18  disability rating for Ms. Rogers's PTSD with major depressive disorder from 50% to 70%, and

19  finding that she was entitled to the 100% Individual Unemployability rate effective April 9, 2004

20  because she was "unable to work due to [her] service connected disabilities."  Tr. 473-77.  The

21  ALJ found that this decision did not provide any guidance to Ms. Rogers's functional abilities

22  and simply contained a conclusory statement that Ms. Rogers was unable to work.  Tr. 30.  The

23  ALJ noted that the VA determination of disability was not binding.  *Id.*  And the ALJ found that

1    neither the medical evidence nor Ms. Rogers's activities of daily living supported a finding of

2    disability.  *Id.*

3          A determination of disability by another agency such as the VA is not binding on the

4    Social Security Administration.  20 C.F.R. § 404.1504.  And yet there is "marked similarity

5    between these two federal disability programs."  *McCartey v. Massanari*, 298 F.3d 1072, 1076

6    (9th Cir. 2002).  Accordingly, the ALJ must "ordinarily give great weight" to a VA

7    determination of disability, although the ALJ "may give less weight to a VA disability rating if

8    he gives persuasive, specific, valid reasons for doing so that are supported by the record."  *Id.*

9          The Court finds that the ALJ did not give persuasive, specific, or valid reasons for

10   rejecting the VA disability rating.  Although the ALJ found the VA rating to be conclusory, an

11   attachment to the letter explains that a VA examiner found Ms. Rogers to have "occupational and

12   social impairments with deficiencies in most areas, such as work, school, family relations,

13   thinking, mood, due to some mild suicidal ideations, obsessional rituals, irrelevant or near panic

14   and depression affecting [her] ability to function on a daily basis," and rating her Global

15   Assessment of Functioning score as 45, indicating serious symptoms or a serious impairment in

16   social, occupational, or school functioning.[6]  Tr. 480.  Moreover, a rejection simply because the

17   VA's disability rating inquiry is different from the Social Security inquiry is invalid.  *See*

18   *Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 695 (9th Cir. 2009).  And, finally, the

19   ALJ's mere assertion, without explanation, that the medical evidence and Ms. Rogers's daily

20   activities did not support a finding of disability, was neither specific nor persuasive.  The Court

21   concludes that the ALJ erred in discounting the VA's disability rating and therefore recommends

22   that the ALJ be directed to reassess the VA rating on remand.

---

23   [6] *See* Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), 34 (4th ed. text rev. 1994).

**CONCLUSION**

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings.  On remand, the ALJ should (1) obtain an updated medical opinion from a medical expert regarding the degree of functional limitation caused by Ms. Rogers's mental impairments; (2) reevaluate whether Ms. Rogers's mental impairments, alone or in combination, met or equaled a listed impairment; and (3) further develop the record and continue with the remainder of the five-step disability evaluation process, including a reassessment of the VA disability rating, as necessary.

A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **May 30, 2014**.  If no objections are filed, the matter will be ready for the Court's consideration on that date.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 16th day of May, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8