UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTINA M. ROGERS,<br><br>               Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. C13-5627-RSL<br><br>**REPORT AND RECOMMENDATION ON ATTORNEY FEES, EXPENSES, AND COSTS** |

Cortina M. Rogers's motion for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs pursuant to 31 U.S.C. § 1304 and 28 U.S.C. § 1920 has been referred to the undersigned United States Magistrate Judge. Dkt. 30, 31. The Commissioner opposes Ms. Rogers's motion on the ground that her defense of the ALJ's decision was substantially justified. Dkt. 32. In reply, Ms. Rogers argues that the Commissioner failed to show substantial justification, and that the Court should award her an additional $797.08 in fees for litigating a fee dispute. Dkt. 33. As discussed below, the Court recommends Ms. Rogers's motion for attorney fees and expenses, costs, and supplemental fees be **GRANTED**.

Under the EAJA, the Court may award attorney fees to a plaintiff's attorney in an action against the government if (1) the plaintiff is the prevailing party; (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust; and (3) the requested attorney fees are reasonable. 28

REPORT AND RECOMMENDATION ON ATTORNEY
FEES, EXPENSES, AND COSTS - 1

U.S.C. § 2412(d)(1)(A); *see, e.g.*, *Perez–Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

The Commissioner does not dispute that Ms. Rogers is the prevailing party. An applicant for benefits is a prevailing party upon procuring a remand for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). As that was the outcome of this case, Ms. Rogers is the prevailing party. Dkts. 27, 28, 29. The Commissioner also does not dispute the reasonableness of the requested fees. To determine if a fee request is reasonable, the Court must consider whether the hours expended were reasonable given the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Ms. Rogers's attorney spent 20.9 hours pursuing the favorable judgment, 1.3 hours on the attorney fee motion, and 4.2 hours responding to the Commissioner's opposition to the attorney fee motion. Dkt. 30 at 4, Dkt. 33 at 5. The hourly rate he requests is the EAJA rate as posted on the Ninth Circuit's website. Dkt. 30 at 4. Given the favorable outcome, this is a reasonable fee request.

The Commissioner argues, however, that the Court should deny Ms. Rogers's attorney fee motion on the grounds that the Commissioner's position was substantially justified. Dkt. 32 at 2. To meet the "substantially justified" standard, the government must advance a position justified to a degree that could satisfy a reasonable person. *See Pierce v. Underwood*, 487 U.S. 552, 565, (1988); *accord Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). In other words, the government's position must have had a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565; *accord Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). The Commissioner must be justified in both her litigation position and in the action on which the litigation is based. *Hardisty v. Astrue*, 592 F.3d 1072, 1076-77 (9th Cir. 2010).

Ms. Rogers alleged two errors. First, she argued that the ALJ should have obtained an updated medical opinion before making a step-three finding. Dkt. 24 at 5. Under SSR 96-6p,

the ALJ must obtain an updated opinion from a medical expert when additional medical evidence is received that "in the opinion of the administrative law judge . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." The Commissioner argued that the ALJ was not required to obtain an updated medical opinion because the ALJ made a finding of nondisability, rather than a finding of disability, at step three. Dkt. 26. The Court concluded that the ALJ erred by failing to obtain an updated medical opinion. Dkt. 27, 28.

The Commissioner contends that her position was substantially justified because it had a reasonable basis in law and fact, because the Commissioner's interpretation of the Social Security Act and its regulations is entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and because any error was harmless as the ALJ proceeded to make findings at steps four and five. Dkt. 32 at 3-4. These arguments are not persuasive. The Commissioner merely restates her previous positions, makes conclusory assertions, and argues for application of *Chevron* deference to an ALJ decision. The Court finds that the Commissioner's position on this issue was not substantially justified.

Second, Ms. Rogers argued that the ALJ erred by rejecting the Department of Veterans Affairs disability rating. Dkt. 24 at 8. The ALJ must "ordinarily give great weight" to a VA determination of disability, although the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). The Commissioner argued that the ALJ met this standard. Dkt. 26 at 4. The Court concluded that the ALJ did not give persuasive, specific, or valid reasons for rejecting the VA disability rating. Dkt. 27, 28.

The Commissioner contends that her position was substantially justified because the ALJ

was fully justified in concluding that the VA opinion offered no concrete functional limitations that the ALJ was required to consider and because the ALJ explained his reasons for rejecting the opinions elsewhere in the decision. Dkt. 32 at 4-5. The Commissioner again merely offers conclusory assertions and restatements of her previous arguments. The Court finds that the Commissioner's position on this issue was not substantially justified.

Accordingly, the Court recommends that Ms. Rogers's motion for attorney fees, expenses and costs (Dkt. 30) be **GRANTED** and Ms. Rogers be awarded attorney fees in the amount of $5,328.13 and expenses in the amount of $20.31, for a total award of $5.348.44 under 28 U.S.C. § 2412(d) (EAJA), and costs in the amount of $400.00 under 31 U.S.C. § 1304 and 28 U.S.C. § 1920. If it is determined that Ms. Rogers's EAJA fees are not subject to any offset allowed under the Department of the Treasury's Offset Program, *see Astrue v. Ratliff*, 560 U.S. 586 (2010), then the check for EAJA fees should be made payable to her attorney, Christopher H. Dellert, based upon Ms. Rogers's assignment of these amounts to her attorney.

A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **October 21, 2014**. If no objections are filed, the matter will be ready for the Court's consideration on **October 24, 2014**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 7th day of October, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION ON ATTORNEY
FEES, EXPENSES, AND COSTS - 4